

**OIPM**
Office of the Independent Police Monitor

2714 Canal Street Suite 201 New Orleans LA 70119

www.nolaipm.gov          **(504) 309-9799**

STELLA CZIMENT
INDEPENDENT POLICE MONITOR

July 11, 2024

Deputy Superintendent Keith Sanchez
Public Integrity Bureau
New Orleans Police Department
1340 Poydras St Suite 1900
New Orleans, LA 70112

**RE: Complaint Referral; OIPM Complaint CC2024-0091**

Dear Deputy Superintendent Keith Sanchez:

This is to inform you pursuant to New Orleans City Code Section 2-1121 (the Police Monitors Ordinance) that the Office of the Independent Police Monitor (OIPM) has received a complaint of misconduct by an NOPD employee(s). The complainant relayed the following information to our office:

## Complaint Information

Date filed with OIPM: 07/01/2024

### Complainant Information
Name: Skip Gallagher
Address: 516 Belleville St, New Orleans, LA 70114
Phone: (504) 388-1846
Email: gallagher.dr@gmail.com

### Subject NOPD Employee(s) Information
Name: Chad Cockerham
Rank: SENIOR POLICE OFFICER
Employee ID #: 19768
Race: Black or African American
Sex: M
Employee Type: Commissioned
Bureau: ISB
Status: Active



INDEPENDENT POLICE MONITOR
2714 Canal Street, Suite 201 | NEW ORLEANS, LOUISIANA | 70119
Phone (504) 309-9799| Fax (504) 309-7345

EXHIBIT J

Deputy Superintendent Keith Sanchez
July 11, 2024
Page 2

Unknown Officer(s)

**Initial Allegations/Concerns/Issues**

Complainant alleges the following occurred during the complainant's interaction with SENIOR POLICE OFFICER Chad Cockerham. If proven, the accused may have violated NOPD policy, rules, or procedure when:

1. According to the complainant, the officer violated NOPD policies by working over 16 hours and 35 minutes in a 24-hour period. According to complainant, the accused officer did not have 7 hours and 25 minutes of unpaid off-duty time within several 24-hour periods throughout January 2022- December 2023. This is in violation of *RULE 4: PERFORMANCE OF DUTY: PARAGRAPH 02 - INSTRUCTIONS FROM AN AUTHORITATIVE SOURCE: to wit NOPD Ch. 22.08 Police Secondary Employment, Par. 32*

2. According to the complainant, the accused officer engaged in public payroll fraud from January 2022 to December 2023 This is in violation of *RULE 2: MORAL CONDUCT: PARAGRAPH 01 - ADHERENCE TO LAW: R.S. 14:138 Public Payroll Fraud*

Complainant alleges the following occurred during the complainant's interaction with Unknown Officer(s). If proven, the accused may have violated NOPD policy, rules, or procedure when:

1. According to the complainant, the accused officer(s) failed to properly supervise their subordinate when they failed to notice or report violations of departmental policy within their subordinate payroll records. This is in violation of *RULE 4: PERFORMANCE OF DUTY: PARAGRAPH 04(b) - NEGLECT OF DUTY (SUPERVISORY RESPONSIBILITIES)*

**Details of Complainant's Account**

**Summary:**

According to the complainant, SPO Chad Cockerham committed multiple instances of payroll fraud and other secondary employment related violations from 2022 to 2023. The



Deputy Superintendent Keith Sanchez
July 11, 2024
Page 3

complainant provided the OIPM with examples of alleged 16:35 violations, months without a single day off, work times the complainant feels are impossible, back to back 16+ hour days,10 days off for 2022 and only 3 days off for the entire 2023 year.

According to the complainant, SPO Cockerham's supervisor(s) during 2022-2023 failed to adequately supervise SPO Cockerham when they approved SPO Cockerham's payroll records.

**Details:**
Complainant stated the below the italicized text to the OIPM.

*"I have attached 2 spreadsheets for the years 2022 and 2023 for officer Chad Cockerham. I found the officer engaged in the following*

*1) Exceeding the 16:35 limit (Blue)*
*2) Claiming months without a single day off (11 months in 2023)*
*3) Unreasonable/impossible schedule*
*4) Claiming back to back 16+ hour days*
*5) Claiming 10 days off for 2022 and only 3 days for the entire 2023 year*

*It is important to note that officer Cockerham resides in Geismar, a 1 hour and 5 minute trip (assuming no traffic). With traffic this round trip can comfortably be 3 hours. Officer Cockerham frequently claims back to back 16+ hour days which permits him just over 7 hours time off before reporting back to duty. Of course, over 2 to 3 hours of this time would be consumed in transit home and back to his duty station. This would permit only 5 or less hours of rest assuming absolutely no other activities. This is particularly egregious in September of 2023 when officer Cockerham claimed 22 16+ hour days.*

*In October of 2023, officer Cockerham managed to "work" nearly every possible hour without violating the current 16:35 rule. Yet it would be clear to even a casual observer that these repetitive 16+ hour days would allow no reasonable time to rest. What is instead obvious from office Cockerham's payroll records is that he was simply attempting to fill in every hour possible without violating 16:35.*

*This is clearly an officer without supervision. By late 2023 officer Cockerham is simply filling in every conceivable hour without exceeding 16:35. Any supervising officer would clearly see that officer Cockerham is working an impossible schedule. Even under the best of circumstances, back to back 16:35 days would only permit just over 7 hours off before having to return to duty. This fictional schedule would allow no reasonable time for rest as I've outlined above.*

 INDEPENDENT POLICE MONITOR
2714 Canal Street, Suite 201 | NEW ORLEANS. LOUISIANA | 70119
Phone (504) 309-9799| Fax (504) 309-7345

Deputy Superintendent Keith Sanchez
July 11, 2024
Page 4

Past investigations into Payroll Fraud have ignored transit times when considering officers time off. Please ensure that transit times are considered in this case and that officer Cockerham is directly questioned about these transit times.

I believe officer Cockerham is assigned to the FBI Task Force and that his compensation may be tied to some Federal money. This should ensure some additional oversight of officer Cockerham, yet this does not seem to be the case and Senior Police Officer Cockerham was the 4th highest paid officer in the NOPD in 2023 ($248,309.42)

Please ensure that officer Cockerham's supervising officer is included in this complaint. There are a number of issues that any supervisor should have noted when approving officer Cockerham's payroll records: 1) All time is NOPD time and obvious violations of 16:35 should have been caught by his supervising officer 2) Months without a day off should have also been noted 3) Repetative 16+ hour days are flagged by the system and should have been brought to the attention of his supervising officer. 4) As the 4th highest paid officer in the entire NOPD in 2023, even a casual examination of officer Cockerham's records should have produced questions and further oversight by his supervising officer. 5) Routinely claiming 80-100+ hr work weeks for months on end should have been a red flag indicating payroll fraud. In 2023 officer Cockerham was averaging 98+ hour work weeks through nearly the entire year.

While I am very encouraged by the surveillance and arrest of officer Jennings, there are other officers who are far worse offenders. Officer Cockerham is an excellent example of this and even the simplest of surveillance would reveal that SPO Cockerham is not where he claims to be. I would hope that PIB would take this complaint seriously and use its resources to investigate one of the worst offenders for 2023."

**Attachments:**
The OIPM has attached two Excel documents provided by the complainant containing highlighted examples of alleged payroll fraud and other violations from January 2022 to December 2023:

- Alleged instances where the 16:35 limit is exceeded are highlighted in blue
- Alleged instances of an unreasonable/impossible schedule are highlighted in yellow

### Complaint History

The OIPM was unable to review **SENIOR POLICE OFFICER Chad Cockerham's** history for the last five years at this time but may supplement this complaint with this information at



INDEPENDENT POLICE MONITOR
2714 Canal Street, Suite 201 | NEW ORLEANS, LOUISIANA | 70119
Phone (504) 309-9799| Fax (504) 309-7345

Deputy Superintendent Keith Sanchez
July 11, 2024
Page 5

a future date.

The OIPM is unable to review **Unknown Officer(s)'s** disciplinary history as they are unable to be identified at this time.

### Classification Recommendation

OIPM declines to classify the complaint at this time.

I appreciate your prompt attention to this matter. Please acknowledge receipt of this complaint and provide the OIPM with a PIB #. Please contact Kirschelle McGowan if you have any questions regarding this complaint.

Sincerely,



Kirschelle McGowan
Deputy Police Monitor
504-309-9799

Transcribed by: Tuwan R. Brown, Misconduct & Mediation Analyst

       i.  Initial Entry
- 1. How are you eligible for FBI task force? Is there some type of favoritism? Shown some ability to be responsible / accountable for own time?
- 2. How long has Cockerham been on the squad? He wasn't doing this in 2021?

      ii.  Reappointment
- 1. Do you automatically get reappointed?
  - a. Evaluated then reappointed?
  - b. Reapply each year?

    iii.  Who decides? NOPD or the FBI? Criteria?

**V. Reverse Engineer Work Completed to Determine if Time Seems Realistic**
- a. Do we have a way to see the results / impact / workload of the FBI task force?
  - i. Like arrests or convictions? Can we look at the indictments coming out of federal court during those windows to figure out if they utilized the task force?
- b. Similarly situated officers on the task force
  - i. Who are the other officers on the same squad as Cockerham?
  - ii. Are they working similar schedules? Pull work schedules
- c. FBI employees
  - i. Can we interview the FBI employees on the squad? Are they required to participate in misconduct investigations?
  - ii. Can they provide their work schedules?

**VI. Disciplinary History – Cockerham**
- a. Prior cases –
  - i. Any patterns? Any signs?
  - ii. 2019-0336-P

**VII. Evidence – Physical**
- a. **Does there need to be a written order to preserve all evidence?** *(Vappie stated on the radio he kept journals and he destroyed them…)*
- b. **Cell phone – personal and work**
  - i. Personal cell phone - policy under NOPD Chapter41.3.4: Personal Communication Devices. Under Chapter 41.3.4, the language reads:
    1. *The use of any computer, Internet service, telephone service or other wireless service, including member- owned devices and services, to send or receive information that may be related to departmental or public business may be subject to review or disclosure.*
    2. Further, the Louisiana Public Records Act provides that use of personal devices to conduct public business would make information contained on personal devices subject to public disclosure. *See Brumfield v. Village of Tangipahoa,* 340 So. 2d 221 (La. App. 1 Cir. 2021).
  - ii. Work phone – automatically entailed to review.
- c. Work email
- d. Evaluations
- e. Other work product that can be used to generate work completed.

**VIII. Potential Witnesses**
- a. Cockerham
  - i. *Voluntary or compelled*
- b. Other FTOs on other squads
- c. Other FTOs in his squad
- d. Sergeant over the FTOs
- e. FBI employees in the squad w/ Cockerham
- f. Cockerham's wife + others in the house
- g. Supervisors in the chain of command – including the superintendents
  - i. *Failure to supervise…*



**IPM**

Office of the Independent Police Monitor

2714 Canal Street Suite 201 New Orleans LA 70119

www.nolaipm.gov

(504) 309-9799