**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHAD DURAN COCKERHAM** | **CIVIL ACTION NO.** |
| **VERSUS** | **2:26-CV-000647** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION "J"** |
| | **JUDGE CARL J. BARBIER** |
| | **MAG. JUDGE DONNA PHILLIPS CURRAULT** |
| **FILED: ______________________________** | **______________________________<br>DEPUTY CLERK** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONFIRM VALIDITY OF SERVICE OF PROCESS UPON DEFENDANT CHARLES "SKIP" GALLAGHER AND TO ESTABLISH RESPONSIVE-PLEADING DEADLINE**

**MAY IT PLEASE THE COURT:**

Plaintiff seeks a limited determination that Defendant Charles "Skip" Gallagher was personally served as reflected in the sworn return executed by ABC Legal and that Gallagher's responsive-pleading deadline should be calculated from that service. Gallagher's counsel disputes service informally but has not permitted the issue to be resolved in the manner contemplated by the Federal Rules. The existing return and corroborating evidence establish valid service under Rule 4(e).

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff filed this civil action on March 26, 2026. [R. Doc. 1]. The Clerk issued a summons for Charles Gallagher on April 2, 2026, and reissued a summons on May 8, 2026. [R. Docs. 7 and 11].

2. On July 13, 2026, an authorized private process server employed by ABC Legal personally delivered the summons and Complaint to Gallagher at 516 Belleville Street, New Orleans, Louisiana 70114. The server thereafter executed a sworn proof/return of service. [R. Doc. 15; Exhibit 1].

3. The return identifies the date, time, and place of service and provides a physical description of the individual served. The return states that service was made upon Charles Gallagher personally. [Exhibit 1].

4. ABC Legal's contemporaneous service record includes a photograph of Gallagher's front door taken at the location and time of service. Gallagher's counsel has acknowledged in correspondence that the photograph depicts Gallagher's door and that the physical description recorded by the server matches Gallagher. [Exhibits 2].

5. After Gallagher denied service to his counsel, Plaintiff requested that ABC Legal's management investigate the service event. ABC Legal reviewed its records and confirmed its conclusion that personal service occurred. [Exhibit 2].

6. Gallagher's counsel nevertheless continues to dispute the server's sworn account and has stated that the photograph instead corroborates Gallagher's denial. The dispute affects whether Gallagher's Rule 12(a) deadline has begun and whether further proceedings, including default procedures, are appropriate.

7. Plaintiff therefore requests a judicial determination based on sworn and contemporaneous evidence, rather than continued informal accusations between counsel.

## II. LAW AND ARGUMENT

### A. Personal delivery satisfies Rule 4(e).

Federal Rule of Civil Procedure 4(e)(2)(A) permits service upon an individual by "delivering a copy of the summons and of the complaint to the individual personally." Rule 4(l)(1) requires proof of service by the server's affidavit when service is not accomplished by a United States marshal or deputy marshal. "In the absence of a valid service of process, proceedings against a party are void." *Safepoint Ins. Co. v. Mercadel* (2022 U.S. Dist. LEXIS 251982 citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Ins.,* 635 F.2d 434, 435 (5th Cir 1981)." A district court may not enter judgment against a party who is not properly efore it." Id. at 436. "The party responsible for serving process has the burden of showing the service was valid or that good cause existed for its failure to serve process properly." *Ganpat v. E. Pac. Shipping, PTE, LTD.,* 434 F. Supp. 3d 441, 461 (E.D. La. 2020) (Morgan, J.), *reconsideration denied*, No. 18-13556, 611 F. Supp. 3d 305, 2020 WL 1046336 (E.D. La. Mar. 4, 2020); *see also Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.3d 1344, 1346 (5th Cir. 1992) ("Once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity.") "Service is not completed in the proper manner if not made in compliance with the requirements of Rule 4." *Ganpat*, 434 F. Supp. 3d at 447. Among other methods, Rule 4 permits service with respect to an individual by "delivering a copy of the summons and of the complaint to the individually personally." Fed. R. Civ. P. 4(e)(2).

A Rule 12(b)(5) motion to dismiss "turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012); *Holly v. Metro. Transit Auth.,* 213 F. App'x 343, 344 (5th Cir. 2007). "The general rule is that a signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 351 (E.D. La. 2011) (Africk, J.) (quoting *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522,

524 (5th Cir. 2011) (internal quotations and citations omitted)(holding that the district court did not abuse its discretion in denying a motion to dismiss for insufficient service of process where the defendant submitted only an unnotarized affidavit to dispute a process server's declaration made under penalty of perjury).

**B. The Records Supports A Finding of Service of Process**

At first, Plaintiff admits that undersigned counsel had difficulty finding an address to serve Mr. Gallagher. Several attempts to serve him were made at the wrong address. Indeed, another Charles Gallagher contacted The Bagneris Firm stating that he was not "the Charles "Skip" Gallagher that was involved in this case. After considerable time and effort, Plaintiffs located Defendant Gallagher. Moreover, Plaintiff has complied with both provisions for service: an authorized private process server personally delivered the summons and Complaint to Gallagher and executed a sworn return describing that service**.** [Exhibit 1].

The fact that Plaintiff also mailed Gallagher a courtesy copy is not offered as the legal basis for service. Plaintiff relies upon ABC Legal's personal delivery and the sworn return documenting it. The mailed courtesy copy is relevant only as additional evidence that Gallagher had notice of the action.

In addition, Plaintiff requested that ABC Legal investigation whether the service was indeed valid. In response, ABC Legal provided a photograph of Mr. Gallagher's front door. [Exhibit 2]. Opposing Counsel has confirmed that the photo depicts his client's front door. ABC Legal also provided the process service description of Mr. Gallagher, which his attorney confirms fits Mr. Gallagher's description [Exhibit 2]. In response, to this evidence, Opposing counsel states 'his client insists that he was not served and his image and likeness are all over the

internet, so the process server probably searched for him on the internet to provide a description of Mr. Gallagher." None of this is proof that Mr. Gallagher was not served.

### C. Plaintiff can carry its burden if Gallagher challenges service.

A Rule 12(b)(5) motion challenges the legal sufficiency of service. *Holly v. Metropolitan Transit Authority*, 213 F. App'x 343, 344 (5th Cir. 2007). When a defendant properly challenges service, the party making service bears the burden of demonstrating its validity. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).

Plaintiff meets that burden through the sworn return, the process server's contemporaneous description, the location photograph, ABC Legal's management review, and counsel's acknowledgments that the photograph depicts Gallagher's residence and that the description matches Gallagher. Gallagher's unsworn, self-interested denial to his attorney does not, standing alone, establish that the sworn return was fabricated. At minimum, the competing accounts create a factual issue for the Court to resolve on competent evidence.

Additionally, Plaintiff issued a courtesy copy of the pleading to Mr. Gallagher via certified mail.

### D. A present determination will establish the responsive-pleading deadline and avoid unnecessary motion practice.

Under Rule 12(a)(1)(A)(i), a defendant generally must serve an answer within twenty-one days after being served with the summons and Complaint. The parties' dispute over the fact of service therefore creates a present procedural uncertainty; it is not an abstract request for an advisory opinion. Confirmation of service will establish Gallagher's deadline and permit this matter to proceed in an orderly fashion.

The Court has broad discretion in addressing disputes concerning service of process. See *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). An order confirming service, after Gallagher has received notice and an opportunity to oppose this motion, is the most efficient means of resolving the dispute.

### E. Alternatively, the Court should extend the Rule 4(m) period and permit immediate re-service.

If the Court identifies any technical defect in the original service, dismissal is neither required nor warranted. Rule 4(m) authorizes the Court to order service within a specified time and requires an extension upon a showing of good cause. Even absent good cause, the Court retains discretion to extend the service period. Plaintiff acted diligently, employed a professional process-serving company, obtained a sworn return reflecting personal service, investigated the service when challenged, and promptly sought judicial resolution. Gallagher has actual notice, is represented by counsel, and identifies no prejudice from immediate re-service. Accordingly, the Court should permit prompt re-service rather than dismissing any claim.

## III. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

A. Find that Charles “Skip” Gallagher was personally served on [SERVICE DATE] in compliance with Rule 4(e)(2)(A);

B. Confirm that Gallagher's responsive-pleading deadline is governed by Rule 12(a) and calculated from that date of service, or establish a new date certain for Gallagher's response;

C. Order Gallagher to file his responsive pleading within fourteen days of the Court's order if his original deadline has expired;

D. Alternatively, extend the Rule 4(m) period and permit Plaintiff to accomplish immediate re-service without dismissal; and

E. Grant such other relief as justice may require.

Respectfully submitted:

**THE BAGNERIS FIRM, LLC**

By: */s/ Suzette P. Bagneris*
SUZETTE P. BAGNERIS (La. Bar No. 22241)
EMILE A. BAGNERIS, III (La. Bar No. 22240)
1929 Jackson Avenue
New Orleans, Louisiana 70113
Telephone: 504-810-3995
Facsimile: 504-336-2198
Email: sbagneris@bagnerislawfirm.com
Counsel for Plaintiff, Chad Duran Cockerham

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2026, a copy of the foregoing Plaintiff's Motion to Confirm Validity of Service of Process Upon Defendant Charles "Skip" Gallagher and to Establish Responsive-Pleading Deadline, together with the supporting memorandum, notice of submission, exhibits, and proposed order, was filed electronically with the Clerk of Court through the Court's CM/ECF system. Notice of this filing will be transmitted electronically to all counsel of record. I further certify that a copy of the foregoing was transmitted by electronic mail to William R. H. Goforth, counsel for Defendant Charles "Skip" Gallagher.

New Orleans, Louisiana, this 25th day of August, 2026.

/s/ Suzette Peychaud Bagneris
SUZETTE PEYCHAUD BAGNERIS