UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD DURAN COCKERHAM<br>*Plaintiff*<br>*v.*<br>CITY OF NEW ORLEANS, ET AL,<br>*Defendants* | 26-CV-000647<br>JUDGE: CARL J. BARBIER<br>MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT |

## OPPOSITION TO PLAINTIFF'S MOTION TO CONFIRM SERVICE

Plaintiff Chad Cockerham has filed a motion to "confirm validity of service" upon Defendant Skip Gallagher. R. Doc. 16-1. That motion should be denied because Plaintiff does not even *allege* to have served Mr. Gallagher within the 90 days required by the Federal Rules of Civil Procedure, and also because Plaintiff did not actually serve Mr. Gallagher by any means allowed by the Federal Rules.

## BACKGROUND

Mr. Gallagher is a chemistry professor at the University of New Orleans. He is a private citizen. He exercised his First Amendment right to express himself on a matter of public concern—the misconduct of a New Orleans police officers—by filing a complaint against Chad Cockerham with the Office of the Independent Police Monitor ("OIPM"). *See* R. Doc. 11-1. In his complaint, Mr. Gallagher provided OIPM with two spreadsheets compiling years of payroll data obtained through public records request, and suggested that Mr. Cockerham was engaged in payroll fraud. R. Doc. 1 at ¶ 27. Mr. Cockerham sued Mr. Gallagher for filing that complaint with OIPM, even though Cockerham admits that it was a totally separate investigation that led to Cockerham's demotion and reprimand. R. Doc. 1 at ¶¶ 51-52.

**A. This Court should deny Plaintiff's motion to confirm service because Plaintiff does not even allege to have served Mr. Gallagher within the required ninety days.**

Proper service is crucial, because without proper service, this Court has no personal jurisdiction to resolve any claims against Mr. Gallagher. *Omni Cap. Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45, (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served."); *Dave v. O'Carroll,* 2023 U.S. App. LEXIS 9220, at *4-5 (5th Cir. Apr. 18, 2023) ("That lack of service . . . means the court never held personal jurisdiction over him.") As Plaintiff notes, in "the absence of a valid service of process, proceedings against a party are void." R. Doc. 16-1 at 3.

Here, Plaintiff failed to serve Mr. Gallagher within a timely manner. Federal Rule of Civil Procedure 4(m) requires "dismissal on motion or sua sponte for such failure [to serve] within 90 days after filing of the complaint unless good cause is shown." *Crosswell v. Martinez*, 120 F.4th 177, 190 (5th Cir. 2024), *citing Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure.").

The Complaint here was filed March 26, 2026. R. Doc 1. Pursuant to FRCP 4(m), Plaintiff then had 90 days to serve Mr. Gallagher by June 24, 2026. Plaintiff's alleged "service," however, did not occur until July 13, 2026. R. Doc. 15-1. Service is thus insufficient because it was not only untimely but nearly three weeks past the service deadline. Plaintiff offers as an excuse that his "counsel had difficulty finding an address to serve Mr. Gallagher." R. Doc. 16-1 at 4. That is a specious claim, given that Mr. Gallagher's home address appears in the documents attached to

Plaintiff's complaint. R. Doc. 1-2 at 125. But in any case, if a plaintiff is having trouble serving a defendant, his remedy is to seek leave of court for an extension of the service deadline. *E.g., David v. Port Allen Seafood and More, Inc.*, 25-cv-00824, R. Doc. 12 (M.D. La., Dec. 16, 2025) (on plaintiff's motion, granting sixty-day extension of deadline to serve). Plaintiff, however, neither served Mr. Gallagher within ninety days nor sought leave for an extension – he just blew past the deadline without asking for leave of court. Plaintiff does not address this issue anywhere in his motion, even though undersigned counsel pointed out the problem to Plaintiff's counsel. Accordingly, Plaintiff's motion to confirm service should be denied.

**B. This Court should deny Plaintiff's motion to confirm service because Mr. Gallagher's sworn testimony and the process server's photograph confirm that service was *not* properly effected.**

Service upon a defendant is improper unless it is accomplished through one of the methods contained in Federal Rule of Civil Procedure Rule 4(e)(2). These methods consist of (1) delivering a copy of the summons and the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual abode with someone of suitable age or discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e)(2)(A)(B)(C). In this case, Plaintiff's "service" consisted of leaving the service documents on Mr. Gallagher's mailbox—without making any actual contact with Mr. Gallagher or anyone else of "suitable age or discretion."[1] Because Plaintiff failed to actually personally serve Mr. Gallagher, he failed to effectuate proper service.

Plaintiff disputes these facts—arguing that the process server actually *did* personally serve Mr. Gallagher at his home. In support of this allegation, Plaintiff cites to the sworn return, a

[1] *See* R. Doc. 16-3 (Process server investigative report); R. Doc. 17-2 (Dec. of Skip Gallagher).

photograph of Mr. Gallagher's closed door (allegedly taken by the process server at the time of service), and the fact that the process server vaguely described Mr. Gallagher's physical appearance. R. Doc. 16-1. But this "evidence" corroborates *Mr. Gallagher's* version of events. The investigation report provides a photo take "at the time of service" – but it shows a closed door. R. Doc. 16-3 at 2. The closed door is consistent with Mr. Gallagher's testimony that the service documents were left at his front door, not with him personally.[2] Moreover, the fact that the process server described Mr. Gallagher's appearance is not determinative; ABC Legal's service submission page requires a physical description of the target of service.[3] And notably, ABC Legal tried to contact the process server about the problem, and could not even reach him. R. Doc. 16-3 at 2 ("ABC attempted to contact the process server to obtain a statement regarding the alleged complaint. A response from the process server was not received.")

Mr. Gallagher absolutely disputes Plaintiff's allegations regarding service and is prepared to testify to the service failure. The fact that service was not properly effected is supported not only by Mr. Gallagher's sworn affidavit but also supported by documentary evidence. On July 13 at 3:49 p.m., Mr. Gallagher sent a contemporaneous email to his counsel in another matter alleging that the service documents "showed up *on my mailbox* today."[4] This contemporaneous account of improper service, coupled with the sworn affidavits, is sufficient to rebut Plaintiff's allegations.

In a twist of irony, Plaintiff's did not even properly certify service of his motion to confirm service. His certificate of service (R. Doc. 16-1 at 7) states that "a copy of the foregoing was

[2] R. Doc. 17-2 (Dec. of Skip Gallagher)
[3] *ABCLegal.com* (last visited August 28, 2026), https://secure.abclegal.com/abc/customer/order/service?hsCtaTracking=be0c3613-aa8d-4669-ab75-e60d3bc635d9%7Cd58138fa-7769-46d7-b613-d4677021c70b.
[4] R. Doc. 17-2 (Dec. of Skip Gallagher); R. Doc. 17-3 (contemporaneous email).

transmitted by electronic mail to William R. H. Goforth, counsel for Defendant Charles "Skip" Gallagher." But Mr. Goforth is not counsel for Mr. Gallagher. He is counsel for the City of New Orleans. Mr. Gallagher's attorney only learned of the filing because of an alert he set up through a third-party website that tracks ECF filings.

In short, Plaintiff spent months trying to serve Mr. Gallagher at the wrong address, even though they had his home address. They then hired a process server who left the documents on Mr. Gallagher's mailbox, well after the ninety-day deadline. When asked to explain himself, the process server did not even respond to the process serving company's inquiry. And then Plaintiff filed a motion to confirm service – but sent it to the wrong attorney.

This is not, to put it mildly, how a plaintiff serves a defendant in federal court. The motion should be denied.

## CONCLUSION

Based on the above, the Court should deny Plaintiff's motion to confirm service. If, however, the evidence is insufficient to resolve the matter, Mr. Gallagher will make himself available at an evidentiary hearing to determine whether service was properly completed.

Respectfully submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com
*Counsel for Defendant Skip Gallagher*