UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD DURAN COCKERHAM | CIVIL ACTION NO. 2:26-CV-00647 |
| VERSUS | SECTION "J" |
| CITY OF NEW ORLEANS,<br>ANNE E. KIRKPATRICK,<br>NEW ORLEANS POLICE DEPARTMENT,<br>CHARLES "SKIP" GALLAGHER, ET AL. | JUDGE CARL J. BARBIER<br><br>MAGISTRATE JUDGE DONNA<br>PHILLIPS CURRAULT |
| FILED: ______________________________ | ______________________________<br>DEPUTY CLERK |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST FOR ORAL ARGUMENT AND EVIDENTIARY HEARING**

Plaintiff Chad Duran Cockerham respectfully opposes Defendant Charles "Skip" Gallagher's request for oral argument and an evidentiary hearing, except to the limited extent the Court determines that testimony is necessary to resolve the disputed issue of service of process under Rule 12(b)(5).

Gallagher's Motion raises primarily legal issues under Rules 12(b)(1) and 12(b)(6), including whether Plaintiff has adequately pleaded actionable claims, whether Gallagher's statements are protected opinion, whether conditional privilege may be established as a matter of law, whether supplemental jurisdiction exists, and whether Plaintiff should be granted leave to amend. Those issues have been fully briefed and are appropriately resolved on the written record.

An evidentiary hearing concerning Gallagher's truthfulness, good faith, intent, actual malice, reckless disregard, privilege, causation, or the accuracy of his payroll analysis would be particularly inappropriate at this stage. Those matters concern the merits of Plaintiff's claims and require discovery. Gallagher should not be permitted to convert a Rule 12(b)(6) motion into a premature evidentiary trial on disputed facts.

Indeed, Plaintiff's Opposition specifically demonstrates that Gallagher seeks factual findings concerning his own knowledge, intent, good faith, methodology, and credibility that cannot properly be resolved in his favor at the pleading stage.

Local Rule 78.1 leaves oral argument to the discretion of the Court, and Local Rule 7.5 provides for resolution of motions upon the written record. Local Rule 43.1 further provides that oral testimony may not be offered at a motion hearing without prior authorization of the Court. Accordingly, neither oral argument nor an evidentiary hearing is necessary to resolve the Rule 12(b)(1) and Rule 12(b)(6) portions of Gallagher's Motion.

## Limited Issue of Service

Plaintiff recognizes that the Rule 12(b)(5) portion of Gallagher's Motion presents a different procedural issue. Plaintiff has submitted a sworn return reflecting personal service, while Gallagher has submitted a declaration denying personal service. Plaintiff maintains that the documentary and sworn evidence is sufficient to establish valid service. However, if the Court concludes that the conflicting evidence cannot be resolved on the written record, Plaintiff does not oppose a **narrowly limited evidentiary hearing solely concerning whether Gallagher was personally served on July 13, 2026.**

Any such hearing should be limited to:

1. the process server;
2. Gallagher;
3. the ABC Legal service records and related authentication evidence; and
4. the circumstances surrounding the July 13, 2026 service attempt.

The hearing should not extend to the merits of Plaintiff's underlying tort claims, Gallagher's alleged good faith, the truth or falsity of his payroll accusations, conditional privilege, actual malice, causation, or damages, all of which should proceed through ordinary discovery.

**WHEREFORE**, Plaintiff respectfully requests that Defendant's request for oral argument and an evidentiary hearing be denied, except that, if the Court determines testimony is necessary to resolve the disputed Rule 12(b)(5) service issue, Plaintiff does not oppose a narrowly confined evidentiary hearing limited solely to service of process.

Respectfully submitted,

THE BAGNERIS FIRM, LLC

By: */s/ Suzette P. Bagneris*
SUZETTE P. BAGNERIS
Louisiana Bar No. 22241
EMILE A. BAGNERIS, III
Louisiana Bar No. 22240
1929 Jackson Avenue
New Orleans, Louisiana 70113
Telephone: (504) 810-3995
Facsimile: (504) 336-2198
Email: sbagneris@bagnerislawfirm.com
Email: ebagneris@bagnerislawfirm.com

-and-

DELISE & HALL

By: */s/ Bobby J. Delise*
BOBBY J. DELISE
Louisiana Bar No. 4847
Email: bdelise@dahlaw.com
JEANNETTE M. DELISE SPEGELE
Louisiana Bar No. 38187
Email: jdeliselaw@gmail.com
5190 Canal Boulevard, Suite 103
New Orleans, Louisiana 70124
Telephone: (504) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2026, I electronically filed the foregoing **Plaintiff's Response in Opposition to Defendant Charles "Skip" Gallagher's Request for Oral Argument and Evidentiary Hearing** with the Clerk of Court for the United States District Court for the Eastern District of Louisiana using the Court's CM/ECF system.

I further certify that notice of this filing will be transmitted by operation of the CM/ECF system to all counsel of record who are registered CM/ECF participants, including counsel for Defendant Charles "Skip" Gallagher.

New Orleans, Louisiana, this 9th day of September, 2026.

**/s/ Suzette P. Bagneris**
SUZETTE PEYCHAUD BAGNERIS