UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD DURAN COCKERHAM<br>*Plaintiff*<br>*v.*<br>CITY OF NEW ORLEANS, ET AL,<br>*Defendants* | 2:26-CV-000647<br>JUDGE: CARL J. BARBIER<br>MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT |

**Reply in Support of Defendant Gallagher's Motion to Dismiss**

Plaintiff Cockerham's opposition (R. Doc. 26) to Defendant Gallagher's Motion to Dismiss (R. Doc. 17) strengthens Gallagher's arguments for dismissal. In opposition, Cockerham provides no legal authority or analysis that rebuts Gallagher's arguments for dismissal, and in several places admits the basis for why Gallagher should be dismissed.

Plaintiff Cockerham's opposition (R. Doc. 26) to Defendant Gallagher's Motion to Dismiss (R. Doc. 17) is also helpful in that it shows that the parties agree about what Cockerham is suing Gallagher over. Cockerham's complaint suggests that he is suing Gallagher for two statements Gallagher made to City investigators indicating that it appeared that Cockerham had engaged in payroll fraud. In his brief, Cockerham admits that this is the entirety of what he is suing Gallagher for. *See* R. Doc. 26 at 12-13 ("Gallagher plainly understood the conduct challenged: his memorandum identifies the exact two statements attributed to him").[1]

[1] Despite these two statements being the entirety of the conduct Cockerham is suing Gallagher for, Cockerham's opposition goes on to detail a range of media reports not included in the complaint. In doing so, Cockerham insinuates that Gallagher is racist and only reports Black officers' payroll fraud. R. Doc. 26 at 14 ("Curiously, he does not appear to make similar allegations against Caucasion NOPD officers").

Cockerham does not, however, provide any meaningful rebuttal to any of Gallagher's arguments for dismissal. Regarding the conditional privilege for reporting misconduct to law enforcement, Gallagher provided caselaw and analysis showing why the Louisiana privilege immunizes his conduct, pointing to how he satisfies each element of the conditional privilege. R. Doc. 17-1 at 4-7. In response, Cockerham cites no law whatsoever. He merely asserts a conclusory statement that the "privilege is conditional, not absolute" and that the question of whether "Gallagher appreciated the limitations of his methodology before declaring that Cockerham had a 'long history of payroll fraud' is a question requiring factual development." R. Doc. 26 at 15-16. Cockerham does not provide any authority, however, for the proposition that the conditional privilege turns on whether a person "appreciated the limitations of his methodology."

Nor does Cockerham point to any facts indicating bad faith. Cockerham's only argument on this point is that "Gallagher's calculations contained inaccuracies, that many of his reported hours did not correspond with verified departmental calculations, that he misunderstood policy application, and that his analysis 'lacked technical accuracy.'" *Id.* But this is a description of what Louisiana courts have consistently said is *not* bad faith. *E.g., Smith v. Grantham*, 394 So. 3d 316, 325 (La. App. 1st 2024) ("The term 'bad faith' means more than mere bad judgment or negligence; it implies the conscious doing of a wrong for dishonest or morally questionable motives"); *Flettrich v. Debosier,* 2025-0409, 2026 La. App. LEXIS 402 (La. App. 4th 2026) (same). Louisiana courts have further cautioned that a "party cannot simply say something is 'undoubtedly' a bad faith breach with nothing to support this statement." *Flettrich, supra.*

Given that these facts are not in the complaint and Cockerham has not brought a racial discrimination claim against Gallagher, this should be disregarded.

Similarly, Gallagher explained in his motion why Louisiana law indicates that he did not owe Cockerham a duty under Louisiana law such that a breach could support a negligence claim. R. Doc. 17-1 at 8-9. Cockerham provides no law whatsoever to rebut this, simply contending without authority that there must be a duty because Gallagher "went beyond requesting an investigation and affirmatively declared that Cockerham had a 'long history of payroll fraud.'" R. Doc. 26 at 16. Why this generates a legal duty, Cockerham does not explain.

Cockerham similarly fails to meaningfully rebut Gallagher's point that Gallagher's reporting did not lead to Cockerham's damages. Specifically, NOPD cleared Cockerham of the payroll fraud issue, and then *fired him for a totally different reason.* R. Doc. 1 at ¶¶ 36, 51-52. Cockerham offers nothing in response to suggest that Gallagher caused that harm. He merely alleges that "Gallagher's accusations caused Cockerham's payroll records, professional conduct, and credibility to become the subject of investigation" and that "additional investigations followed." R. Doc. 26 at 17. But just because one thing follows another does not mean it was caused by it. Indeed, that is one of the classical logical fallacies – and has been consistently rejected by courts. *Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009) ("The post hoc ergo propter hoc fallacy assumes causality from temporal sequence. It literally means 'after this, because of this.' . . . It is called a fallacy because it makes an assumption based on the false inference that a temporal relationship proves a causal relationship.")

Next, Cockerham's brief addresses the doctrine of "opinion based on disclosed facts." That doctrine applies constitutional protection to a person when they have expressed an opinion – and disclosed the facts on which they base their opinion. *See Favre v. Sharpe,* 117 F.4th 342, 347 (5th Cir. 2024). Cockerham responds to this by explaining that Gallagher made his accusations of

payroll fraud "after an assessment which in large part, upon information and belief, was based upon his college students' analysis of the data." R. Doc. 26 at 18-19. But Cockerham does not deny that Gallagher provided the data to the investigators, as is indicated by the attachments to Cockerham's complaint. R. Doc. 1-11 at 3. Thus, Cockerham's own filings show that Gallagher made accusations based on "analysis of the data" – and that the underlying data was disclosed to the investigators. That is *exactly* what the doctrine protects, and Cockerham provides no suggestion otherwise.

Regarding sufficiency of service, Cockerham misstates the evidence. He contends that "ABC Legal reviewed its records and confirmed its conclusion that personal service occurred." R. Doc. 26 at 21. That is false. ABC Legal's investigation confirmed through GPS data that the process server's mobile device went to the location of Gallagher's home (R. Doc. 16-3 at 1), a fact which is not disputed. ABC Legal's investigation did *not*, however, confirm that personal service ever occurred – probably because ABC Legal was not able to establish contact with the process server to ask him whether he actually effected personal service. *Id.* at 2. An evidentiary hearing would be necessary to determine the truth.

Finally, Cockerham's request for leave to amend the pleadings should be denied. He concedes that he has already specifically identified the allegedly wrongful conduct. R. Doc. 26 at 23 ("The alleged conduct is specifically identified, Gallagher plainly understands the accusations against him, and any pleading deficiency can readily be cured.") The problems with his claims are not mere pleading deficiencies that can be corrected; they are legal problems with whether the identified conduct can be the basis for liability at all. Thus, amending the complaint would be a fruitless exercise.

Respectfully submitted:

*/s/ William Most*

WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com
*Counsel for Defendant, Skip Gallagher*