**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| CHAD DURAN COCKERHAM<br>***Plaintiff*** | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 26-CV-000647 |
| CITY OF NEW ORLEANS, ANNE E. KIRKPATRICK, Individually and in her official capacity as Superintendent of the New Orleans Police Department, NEW ORLEANS POLICE DEPARTMENT, CHARLES "SKIP" GALLAGHER and JOHN DOES 1-10<br>***Defendants*** | * | SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAGISTRATE "2"<br>JUDGE DONNA PHILLIPS<br>CURRALT |

********************************

**ANSWER**

**NOW INTO COURT**, comes the City of New Orleans, and Anne E. Kirkpatrick, Individually and in her official capacity as Superintendent of the New Orleans Police Department[1]., (hereinafter "City Defendants") who in answer to plaintiff's complaint responds as follows:

I.- INTRODUCTION

1.

The allegations in paragraph 1 of Plaintiff's complaint are denied.

2.

The allegations in paragraph 2 of Plaintiff's complaint are denied.

[1] Plaintiff also named the New Orleans Police Department as a defendant, however NOPD is not a juridical entity and does not have the capacity to sue or be sued.

3.

The allegations in paragraph 3 of Plaintiff's complaint are denied.

4.

The allegations in paragraph 4 of Plaintiff's complaint are denied.

5.

The allegations in paragraph 5 of Plaintiff's complaint are denied.

II.- PARTIES

6.

The allegations in paragraph 6 are admitted in that Plaintiff Cockerham is an individual and a citizen of the State of Louisiana. The balance of paragraph six is denied for lack of sufficient information to justify a belief therein.

7.

The allegations in paragraph 7 of Plaintiff's complaint as to the City being a municipal corporation and a political subdivision of the State of Louisiana, with its principal place of business located at 1300 Perdido Street, New Orleans, Louisiana 70112, is admitted. The statement that the Agent for Service of Process on the City is Charline K. Gipson, City Attorney of New Orleans, 1300 Perdido Street, Suite 5E03 (Law Department), New Orleans, Louisiana 70112, is admitted. The balance of paragraph 7 is denied for lack of sufficient information to justify a belief therein.

8.

The allegations in paragraph 8 of Plaintiff's complaint are denied, as the New Orleans Police Department ("NOPD") is not a juridical entity capable of suing or being sued.

9.

The allegations of paragraph 9 of Plaintiff's complaint as to Defendant Kirkpatrick serving as the Superintendent of the New Orleans Police Department is admitted. The balance of allegations in paragraph 9 of Plaintiff's complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of paragraph 10 of Plaintiff's complaint as to Defendant Charles "Skip" Gallagher being an individual is admitted, however the balance of paragraph 10 of Plaintiff's complaint is denied for lack of sufficient information to justify a belief therein.

11.

The allegations of paragraph 11 of Plaintiff's complaint are denied.

III. JURISDICTION AND VENUE

12.

The allegations of paragraph 12 of Plaintiff's complaint as to jurisdiction are admitted.

13.

The allegations of paragraph 13 of Plaintiff's complaint as to jurisdiction are admitted.

14.

The allegations of paragraph 14 of Plaintiff's complaint as to jurisdiction are admitted.

15.

The allegations of paragraph 15 of Plaintiff's complaint as to venue are admitted.

IV. FACTUAL ALLEGATIONS

16.

The allegations of paragraph 16 of Plaintiff's complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 17 of Plaintiff's complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of paragraph 18 of Plaintiff's complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of paragraph 19 of Plaintiff's complaint are denied.

20.

The allegations of paragraph 20 of Plaintiff's complaint are denied.

21.

The allegations of paragraph 21 of Plaintiff's complaint are denied.

22.

The allegations of paragraph 22 of Plaintiff's complaint are admitted, except for the final sentence which is denied for lack of sufficient information to justify a belief therein.

23.

The allegations of paragraph 23 of Plaintiff's complaint are denied.

24.

The allegations of paragraph 24 of Plaintiff's complaint are denied.

25.

The allegations of paragraph 25 of Plaintiff's complaint are denied.

26.

The allegations of paragraph 26 of Plaintiff's complaint are denied.

27.

The allegations of paragraph 27 of Plaintiff's complaint are denied.

28.

The allegations of paragraph 28 of Plaintiff's complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of paragraph 29 of Plaintiff's complaint are denied.

30.

The allegations of paragraph 30 of Plaintiff's complaint are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of paragraph 31 of Plaintiff's complaint are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of paragraph 32 of Plaintiff's complaint are admitted to the extent that four online anonymous complaints were received in the month of October, 2024, however the balance of the paragraph's allegations are denied as written.

33.

The allegations in the first sentence of paragraph 33 of Plaintiff's complaint are admitted, however the balance of paragraph 33 is denied.

34.

The allegations of paragraph 34 of Plaintiff's complaint are denied.

35.

The allegations of paragraph 35 of Plaintiff's complaint are denied.

36.

The allegations of paragraph 36 of Plaintiff's complaint are denied.

37.

The allegations of paragraph 37 of Plaintiff's complaint are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of paragraph 38 of Plaintiff's complaint are denied.

39.

The allegations of paragraph 39 of Plaintiff's complaint are denied except for the final sentence which is admitted.

40.

The allegations of paragraph 40 of Plaintiff's complaint are denied.

41.

The allegations of paragraph 41 of Plaintiff's complaint are denied.

42.

The allegations of paragraph 42 of Plaintiff's complaint are denied.

43.

The allegations of paragraph 43 of Plaintiff's complaint are denied.

44.

The allegations of paragraph 44 of Plaintiff's complaint are denied.

45.

The allegations of paragraph 45 of Plaintiff's complaint are denied.

46.

The allegations of paragraph 46 of Plaintiff's complaint are denied.

47.

The allegations of paragraph 47 of Plaintiff's complaint are denied for lack of sufficient information to justify a belief therein.

48.

The allegations of paragraph 48 of Plaintiff's complaint are denied.

49.

The allegations of paragraph 49 of Plaintiff's complaint are denied except to admit that Plaintiff Cockerham gave two administrative statements in the month of October, 2025.

50.

The allegations of paragraph 50 of Plaintiff's complaint are denied except to admit that Plaintiff Cockerham appeared for a Pre-Disciplinary hearing in January of 2026.

51.

The allegations of paragraph 51 of Plaintiff's complaint are denied except to admit that Plaintiff Cockerham appeared in February of 2026 for a continuation of his Pre-Disciplinary hearing.

52.

The allegations of paragraph 52 of Plaintiff's complaint are denied.

53.

The allegations of paragraph 53 of Plaintiff's complaint are denied.

54.

The allegations of paragraph 54 of Plaintiff's complaint are denied except to admit that Plaintiff Cockerham was issued a Notice of Termination.

55.

The allegations of paragraph 55 of Plaintiff's complaint are denied.

56.

The allegations of paragraph 56 of Plaintiff's complaint are denied.

57.

The allegations of paragraph 57 of Plaintiff's complaint are denied.

58.

The allegations of paragraph 58 of Plaintiff's complaint are denied.

59.

The allegations of paragraph 59 of Plaintiff's complaint are denied.

60.

The allegations of paragraph 60 of Plaintiff's complaint are denied.

61.

The allegations of paragraph 61 of Plaintiff's complaint are denied.

62.

The allegations of paragraph 62 of Plaintiff's complaint are denied.

63.

The allegations of paragraph 63 of Plaintiff's complaint are denied.

64.

Paragraph 64 of Plaintiff's complaint incorporates the proceeding allegation of paragraphs 1 – 56. To the extent that a response is required, in an abundance of caution, the allegations of paragraph 64 of Plaintiff's complaint, incorporating the allegations in paragraphs 1 – 56 are denied.

65.

The allegations of paragraph 65 of Plaintiff's complaint are denied.

66.

The allegations of paragraph 66 of Plaintiff's complaint are denied.

67.

The allegations of paragraph 67 of Plaintiff's complaint are denied.

68.

The allegations of paragraph 68 of Plaintiff's complaint are denied.

69.

The allegations of paragraph 69 of Plaintiff's complaint are denied.

70.

The allegations of paragraph 70 of Plaintiff's complaint are denied.

71.

The allegations of paragraph 71, incorporating the allegations paragraphs 1-63, may not require a response, however, to the extent that it may, the allegations of paragraph 71 are denied.

72.

The allegations of paragraph 72 of Plaintiff's complaint are denied.

73.

The allegations of paragraph 73 of Plaintiff's complaint are denied.

74.

The allegations of paragraph 74 of Plaintiff's complaint are denied.

75.

The allegations of paragraph 75 of Plaintiff's complaint are denied.

76

The allegations of paragraph 76 of Plaintiff's complaint are denied.

77.

The allegations of paragraph 77, incorporating the allegations paragraphs 1-69, may not require a response, however, to the extent that it may, the allegations of paragraph 77 are denied.

78.

The allegations of paragraph 78 of Plaintiff's complaint are denied.

79.

The allegations of paragraph 79 of Plaintiff's complaint are denied.

80.

The allegations of paragraph 80 of Plaintiff's complaint are denied.

81.

The allegations of paragraph 81 of Plaintiff's complaint are denied.

82.

The allegations of paragraph 82, incorporating the allegations paragraphs 1-74, may not require a response, however, to the extent that it may, the allegations of paragraph 82 are denied.

83.

The allegations of paragraph 83 of Plaintiff's complaint are denied.

84.

The allegations of paragraph 84, incorporating the allegations paragraphs 1-76, may not require a response, however, to the extent that it may, the allegations of paragraph 84 are denied.

85.

The allegations of paragraph 85 of Plaintiff's complaint are denied.

86.

The allegations of paragraph 86 of Plaintiff's complaint are denied.

87.

The allegations of paragraph 87, incorporating the allegations paragraphs 1-79, may not require a response, however, to the extent that it may, the allegations of paragraph 87 are denied.

88.

The allegations of paragraph 88 of Plaintiff's complaint are denied.

89.

The allegations of paragraph 89 of Plaintiff's complaint are denied.

90.

The allegations of paragraph 90 of Plaintiff's complaint are denied.

91.

The allegations of paragraph 91 of Plaintiff's complaint are denied.

92.

The allegations of paragraph 92 of Plaintiff's complaint are denied.

93.

The allegations of paragraph 93, incorporating the allegations paragraphs 1-85, may not require a response, however, to the extent that it may, the allegations of paragraph 93 are denied.

94.

The allegations of paragraph 94 of Plaintiff's complaint are denied.

95.

The allegations of paragraph 95 of Plaintiff's complaint are denied.

96.

The allegations of paragraph 96, incorporating the allegations paragraphs 1-88, may not require a response, however, to the extent that it may, the allegations of paragraph 96 are denied.

97.

The allegations of paragraph 97 of Plaintiff's complaint are denied.

98.

The allegations of paragraph 98, incorporating the allegations paragraphs 1-90, may not require a response, however, to the extent that it may, the allegations of paragraph 98 are denied.

99.

The allegations of paragraph 99 of Plaintiff's complaint are denied.

100.

The allegations of paragraph 100, incorporating the allegations paragraphs 1-69, may not require a response, however, to the extent that it may, the allegations of paragraph 100 are denied.

101.

The allegations of paragraph 101 of Plaintiff's complaint are denied.

102.

The allegations of paragraph 102 of Plaintiff's complaint are denied.

103.

The allegations of paragraph 103 of Plaintiff's complaint are denied.

104.

The allegations of paragraph 104 of Plaintiff's complaint are denied.

105.

The allegations of paragraph 105 of Plaintiff's complaint are denied.

106.

The allegations of paragraph 106 of Plaintiff's complaint are denied.

107.

The allegations of paragraph 107 of Plaintiff's complaint are denied.

108.

The allegations of paragraph 108 of Plaintiff's complaint are denied.

109.

The allegations of paragraph 109 of Plaintiff's complaint are denied.

110.

The allegations of paragraph 110 of Plaintiff's complaint are denied.

111.

The allegations of paragraph 111 of Plaintiff's complaint are denied.

112.

The allegations of paragraph 112, incorporating the allegations paragraphs 1-92, may not require a response, however, to the extent that it may, the allegations of paragraph 112 are denied.

113.

The allegations of paragraph 113 of Plaintiff's complaint are denied.

XVI.

Paragraph XVI is a jury demand that requires no response. The following prayer for relief below the jury demand also requires no response.

**AND NOW FURTHER ANSWERING**, the City Defendants aver the following affirmative defenses:

**FIRST DEFENSE**

The Complaint fails to state a right, claim or cause of action upon which relief can be granted by these City Defendants.

**SECOND DEFENSE**

Some, if not all, of the plaintiff's claims have prescribed.

**THIRD DEFENSE**

The plaintiff herein is not entitled to the relief he seeks as a matter of law.

**FOURTH DEFENSE**

The responding City defendants' actions followed the mandates and edicts of laws and ordinances that the defendants believed to be constitutional, rendering the defendants herein immune from suit.

**FIFTH DEFENSE**

The responding City defendants specifically plead that they cannot be held liable

for any discretionary acts.

**SIXTH DEFENSE**

As public officials performing discretionary acts, the responding defendants are immune, under applicable state laws as set forth in La. R.S. 9:2798.1, La. R.S. 9:2800.10, and any and all other statutory or jurisprudential immunities affordable under the law.

**SEVENTH DEFENSE**

The responding City defendants herein expressly plead the affirmative defense that the plaintiff failed to mitigate his damages.

**EIGHTH DEFENSE**

In the alternative, the responding City defendants aver that the plaintiff assumed the risk of his own injuries and/or damages.

**NINTH DEFENSE**

In the alternative, and in the event that this honorable Court should find that the responding City defendants were guilty of negligence whatsoever which proximately caused or contributed to the alleged injuries which the responding City defendants deny, then the responding City defendants specifically plead contributory negligence/comparative fault on the part of the plaintiff, which would operate as a complete bar to, or diminution, of plaintiff's recovery.

**TENTH DEFENSE**

The plaintiff's claims in this matter against the responding City defendants are frivolous and unreasonable, and, as such, the responding City defendants are entitled to

an award against the plaintiff for any and all attorney's fees and costs expended pursuant to federal law, and, if applicable, 42 U.S.C. § 1988.

**ELEVENTH DEFENSE**

In the alternative, the responding City defendants affirmatively aver that the plaintiff's alleged injuries were caused by persons or parties acting contrary to the policies of the City and more specifically, contrary to the training, policies and procedures of the New Orleans Police Department.

**TWELFTH DEFENSE**

The responding City defendants aver that they are entitled to a credit and/or set off from any sums paid to or on behalf of the plaintiff by any other insurer, or by any person or entity, specifically pleading extinguishment of some or all of any obligation which may be found due plaintiff to the full extent of any such payments.

**THIRTEENTH DEFENSE**

The responding City defendants affirmatively assert the statutory cap on general damages provided by LSA – R.S. 13:5106.

**FOURTEENTH DEFENSE**

Defendant Superintendent Anne E. Kirkpatrick, in her individual capacity, asserts that she is entitled to Qualified Immunity from suit.

**RESERVATION OF RIGHTS**

To the extent permitted by law, the responding City defendants herein reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

**WHEREFORE**, the responding City defendants pray that this answer be deemed good and sufficient and that after due proceedings had, there be a judgment in favor of the responding City defendants, and against plaintiff, dismissing the Complaint, with prejudice and at plaintiff's cost. The responding City defendants further pray for its attorney's fees, costs, and/or all other general or equitable relief to which it may be entitled.

Respectfully submitted,

*s/ Elizabeth S. Robins*

ELIZABETH S. ROBINS, LSB #25224
DEPUTY CITY ATTORNEY
WILLIAM R.H. GOFORTH, LSB #33153
CHIEF DEPUTY CITY ATTORNEY
CORWIN ST. RAYMOND, LSB #31330
CHIEF DEPUTY CITY ATTORNEY
GWYNETH A. O'NEILL, LSB #35944
SR. CHIEF DEPUTY CITY ATTORNEY
CHARLINE K. GIPSON, LSB #32780
CITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, Louisiana, 70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9868
Email: esrobins@nola.gov
*Attorneys for The City of New Orleans, Supt. Anne Kirkpatrick and the New Orleans Police Department*