UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD COCKERHAM | CIVIL ACTION |
| VERSUS | NO. 26-647 |
| CITY OF NEW ORLEANS ET AL. | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is *Plaintiff's Motion to Confirm Validity of Service of Process Upon Defendant Charles "Skip" Gallagher and to Establish Responsive-Pleading Deadline* **(Rec. Doc. 16)**, filed by Plaintiff Chad Cockerham ("Cockerham"), and *Defendant Charles "Skip" Gallagher's Motion to Dismiss* **(Rec. Doc. 17)**, filed by Defendant Charles "Skip" Gallagher ("Gallagher"). Both parties filed an opposition for each motion. (Rec. Doc. 18, 26). Gallagher subsequently filed a reply to Cockerham's opposition (Rec. Doc. 28). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Gallagher's motion to dismiss should be **GRANTED** and Cockerham's motion to confirm service should be **DENIED as moot**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from alleged workplace misconduct leading to Cockerham's termination from the New Orleans Police Department ("NOPD"). Chad Cockerham worked as an NOPD detective. On July 12, 2024, Cockerham was notified of a complaint filed against him by Gallagher, a chemistry professor at the University of New Orleans, to the Office of Independent Police Monitor ("OIPM"). (Rec. Doc. 1,

at 6–7). Gallagher's OIPM complaint accused Cockerham of having a "long history of committing payroll fraud" and alleged Cockerham worked an "impossible schedule." *Id.* at 7. Cockerham denies having such a history. *Id.* On July 19, 2024, Cockerham was notified that he would be removed from his FBI task force assignment due to the payroll fraud allegations under criminal and administrative investigation. *Id.* On July 22, 2024, under the guidance of NOPD Superintendent Anne Kirkpatrick, Cockerham was reassigned from the NOPD's FBI task force to the juvenile intake division. *Id.* In November 2024, Cockerham was cleared of his payroll fraud allegations. *Id.* at 8. Despite a finding of no wrongdoing from third-party investigators, Cockerham remained on administrative reassignment pursuant to Kirkpatrick's orders. *Id.* at 8–9. His violation was sustained, but Cockerham never received any letter of reprimand or discipline as a result. *Id.* at 9.

In October 2024, the OIPM received four online anonymous complaints accusing the NOPD's Command Leadership of having cheated on the Captains' and Majors' Civil Service testing and promotions process by sharing information with certain individuals to ensure they obtained higher scores. *Id.* at 8. Allegedly, "[u]nder the guise of investigating a payroll fraud allegation made by Defendant Gallagher," investigators acquired Cockerham's IP address because he performed FBI work on his personal laptop. *Id.* at 10. The NOPD allegedly linked Cockerham's IP address to the anonymous cheating allegations. *Id.* In March 2026, Cockerham was notified that he would be demoted from the rank of Captain. *Id.* at 14. On March 24, 2026, Kirkpatrick issued Cockerham a formal Notice of Termination. *Id.* at 15.

Cockerham filed a Complaint in this Court on March 26, 2026 against Gallagher, NOPD, Anne Kirkpatrick, and the City of New Orleans (Rec. Doc. 1). In his Complaint, Cockerham alleged claims of infliction of emotional distress and negligence/gross negligence against Gallagher. *Id.* Cockerham filed the instant motion to confirm service (Rec. Doc. 16). Gallagher filed the instant motion to dismiss pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure (Rec. Doc. 17, at 1). Both parties filed an opposition for each motion (Rec. Doc. 18, 26). Defendant Gallagher subsequently filed a reply to Cockerham's opposition (Rec. Doc. 28).

## LEGAL STANDARD

### A. Rule 12(b)(1)

The Court must consider Defendant's challenge to subject matter jurisdiction under Rule 12(b)(1) before deciding the other Rule 12 motions to dismiss because jurisdiction is a threshold determination. *See In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 209 (5th Cir. 2010). When deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Randall D. Walcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citation omitted). The standard of

review for a Rule 12(b)(1) motion to dismiss is the same as that for a motion to dismiss pursuant to Rule 12(b)(6).

**B. Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## PARTIES' ARGUMENTS

Cockerham asserts that Gallagher's conduct was part of the "factual and temporal chain" that ultimately damaged his professional reputation and employment status. (Rec. Doc. 26, at 6). Cockerham contends that Kirkpatrick, NOPD members, and representatives of the City used Gallagher's claims to abuse their

supervisory capacity and maliciously create allegations of wrongdoing and criminal conduct against him. (Rec. Doc. 1, at 7). Further, Cockerham contends that Gallagher's fraud allegation prompted third-party investigators to acquire his IP address under the guise of investigating his personal laptop. *Id.* at 10. Cockerham alleges Gallagher made false statements about him which incited baseless investigations and caused emotional injury. *Id.* at 19–20.

Gallagher asserts that the claims against him fail because: (1) he is protected by Louisiana's conditional-privilege doctrine; (2) Cockerham fails to state a claim for negligence; (3) Cockerham's claims are foreclosed by the doctrine of "opinion based on disclosed facts"; (4) supplemental jurisdiction does not exist for Cockerham's state law claims against Gallagher; and (5) Cockerham failed to effectuate proper service. (Rec. Doc. 17-1, at 1). Moreover, Gallagher contends that Cockerham's claims against him are state law claims, and that even if the claims were properly brought in state court, they would be subject to Louisiana's Special Motion to Strike (Anti-SLAPP). *Id.* at 3. Lastly, Gallagher contends Cockerham fails to plead a claim for relief because he fails to specify what claims he is asserting against Gallagher based on his allegations. *Id.* at 3–4.

## DISCUSSION

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction Under 12(b)(1)

First, Gallagher claims that the Court lacks subject matter jurisdiction because his complaint to the OIPM alleging Cockerham's misconduct is not sufficiently connected to Cockerham's First and Fourteenth Amendment claims to

support supplemental jurisdiction. *Id.* at 14. Gallagher asserts that Cockerham's allegations of malicious misconduct on behalf of Kirkpatrick and the NOPD do not involve him and relate to a totally separate investigation. *Id.* Because the claims against Gallagher, Kirkpatrick, and the NOPD do not arise from a common nucleus of operative facts, Gallagher contends the claims against him should be dismissed under Rule 12(b)(1). *Id.*

Conversely, Cockerham maintains that supplemental jurisdiction exists because Gallagher's payroll fraud accusations prompted Cockerham's work history, payroll records, paid-detail activity, and professional integrity to be investigated, beginning a "continuing course of retaliatory and disciplinary conduct that adversely affected his employment, reputation, earnings, and career." (Rec. Doc. 26, at 5, 20). In essence, Cockerham's reasoning relies heavily on the chronology of events leading up to his termination.

Subject matter jurisdiction is defined as "the courts' statutory or constitutional *power* to adjudicate [a] case." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 89 (1998) (citations omitted). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Cockerham's First and Fourteenth Amendment claims fall squarely within this standard, successfully establishing subject matter jurisdiction. However, Cockerham asserts state law claims of infliction of emotional distress and negligence against Gallagher. To hear state law claims in federal court, the Court must exercise supplemental jurisdiction under 28 U.S.C. § 1367 and attach

Cockerham's state law claims to his federal First and Fourteenth Amendment claims. *See* 28 U.S.C. § 1367(a). "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citation omitted).

To exercise supplemental jurisdiction, Cockerham's state and federal claims must derive from a common nucleus of operative facts. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would be expected to try them all in one judicial proceeding, then . . . there is power in federal courts to hear the whole." *Id.* Historically, the Fifth Circuit has affirmed this standard. *See S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, 964 F.3d 369, 373–74 (5th Cir. 2020) (holding that a connection had not been established between a federal security claim against a defendant and state law claims against a separate insurance company where the claims arose from two separate, unrelated controversies and, "even if tried together, would be decided on evidence that would have no bearing on the claims asserted against the other"). Therefore, to determine whether Cockerham's claims against Gallagher and the other defendants form part of the same case or controversy, the Court must consider whether the claims derive from a common nucleus of operative facts such that it would be expected to try them all in the same proceeding.

The Court finds Gallagher's involvement in Cockerham's demotion and eventual termination to be insufficient. Gallagher's role in this controversy is, at best,

remote. Cockerham asks the Court to agree that Gallagher's complaint is sufficiently connected to the investigations into Cockerham's conduct relating to the NOPD cheating controversy. However, Gallagher's allegations related to only one topic: payroll fraud. It is true that Gallagher's complaint prompted an investigation. But the harm Cockerham suffered was the result of an entirely separate investigation, focusing solely on his potential involvement with the NOPD cheating controversy. (Rec. Doc. 1, at 9, 14–15). Effectively connecting Gallagher's complaint to any subsequent discipline, demotion, or termination would require evidence of a direct link, which Cockerham fails to establish. Cockerham provides no evidence that he was disciplined because of Gallagher's reporting of payroll fraud. The evidence presented concerning Gallagher's complaint has no bearing on his claims against the other defendants. *See S J Associated Pathologists, P.L.L.C.*, 964 F.3d at 373–74.

Cockerham relies on the mere assumption that Gallagher's OIPM complaint began a chain reaction that led to his termination to establish him as a defendant. However, a baseless assumption alone does not establish supplemental jurisdiction. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) ("[I]t is generally agreed that the basis upon which jurisdiction depends . . . cannot be established argumentatively or by mere inference.") (citations omitted) (citation modified). Therefore, the Court finds that there is a lack of subject matter jurisdiction over Cockerham's claims against Gallagher and declines to exercise supplemental jurisdiction.

## II. Motion to Dismiss for Failure to State a Claim Under 12(b)(6)

Next, Gallagher urges the Court to dismiss Cockerham's claims pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted. Even if Cockerham's claims against Gallagher were to survive dismissal under Rule 12(b)(1), Cockerham fails to state a valid claim against Gallagher under Rule 12(b)(6).

Gallagher argues Cockerham fails to allege sufficient facts supporting the elements necessary to properly state a negligence claim against him. (Rec. Doc. 17-1, at 7). Specifically, Gallagher argues that Cockerham fails to plead which defendants breached their duty of care or which specific duty was allegedly breached. *Id.* at 9. Further, Gallagher asserts that the chain of causation was broken when third-party investigators intervened to conduct an independent investigation. *Id.* at 10–11.

In response, Cockerham asserts his complaint contains specific allegations and that Gallagher was given fair notice of the claims against him. (Rec. Doc. 26, at 12). Cockerham alleges Gallagher made "negligent and/or grossly negligent false statements about [him] which spurred baseless investigations and caused emotional injury . . . ." (Rec. Doc. 1, at 19).[1] Cockerham fails to elaborate further or present facts explaining *why* or *how* Gallagher's negligent action caused him emotional injury.

Cockerham's reasoning relies on inference instead of fact. Cockerham contends Gallagher's OIPM complaint led to Cockerham's demotion and termination and

[1] Although Cockerham's pleading labels his claim against Gallagher as "Infliction of Emotional Distress," there are two types of emotional distress claims: intentional and negligent. Because Cockerham alleges his emotional injury resulted from Gallagher's "negligent and/or grossly negligent false statements," the Court will assume Cockerham claims negligent infliction of emotional distress against Gallagher. (Rec. Doc. 1, at 19).

inflicted emotional injury. (Rec. Doc. 1, at 19–20). But Cockerham's claims against Gallagher do not concern the investigation of his payroll activity. Rather, his claims relate to the subsequent investigations that resulted in his punishment. Just as is discussed in the Court's analysis under Rule 12(b)(1), a true connection between Gallagher's complaint and disciplinary action against Cockerham has not been established. Evidence sufficient to establish that Gallagher's complaint was used as a "guise" to launch a separate investigation has not been provided.

The allegations Cockerham makes against Gallagher in his complaint resemble precisely the kind of "unadorned, the-defendant-unlawfully-harmed-me" accusations that cannot survive a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678. Cockerham's negligence and infliction of emotional distress claims are merely a "formulaic recitation of the elements of a cause of action" constructed by labels and legal conclusions. *Twombly*, 550 U.S. at 555. For his claims to survive, the Court requires more facts. Moreover, Cockerham fails to present sufficient legal authority in his opposition to support his assertions. (Rec. Doc. 26). Therefore, the Court cannot reasonably infer that Gallagher is liable for the misconduct Cockerham alleges. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Gallagher correctly asserts that Cockerham's complaint alleges no viable claims against him. The Court agrees with Gallagher's contention that he is not a proper defendant here and finds that Cockerham does not state any plausible claim for relief against him.

### III. Motion to Dismiss for Insufficient Service of Process Under 12(b)(5)

Lastly, Gallagher asserts Cockerham's claims against him should be dismissed because Cockerham does not claim to have served Gallagher within ninety days, and that he in fact did not serve Gallagher at all. (Rec. Doc. 17-1, at 14). Because Cockerham's claims against Gallagher do not survive a Rule 12(b)(1) or 12(b)(6) analysis, Gallagher's motion to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure is effectively moot. The Court declines to address Cockerham's service of process because, as the pleadings presently stand, Gallagher is not a proper defendant and the claims against him are invalid.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Gallagher's *Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim, and Lack of Proper Service* **(Rec. Doc. 17)** is **GRANTED**, and Plaintiff Cockerham's claims against Gallagher are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Confirm Validity of Service of Process Upon Defendant Charles "Skip" Gallagher and to Establish Responsive-Pleading Deadline* **(Rec. Doc. 16)** is **DENIED as moot.**

New Orleans, Louisiana, this 10th day of November, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE