**THIS PRE-TRIAL NOTICE CONTAINS NEW MATERIAL.**
**REVISED DECEMBER, 2017.**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**JUDGE CARL J. BARBIER**

**PRE-TRIAL NOTICE**

**IT IS ORDERED** that a pre-trial conference will be held in chambers before Judge **Carl J. Barbier**, Section "**J**", in the case shown on the attached scheduling order.

The purpose of the pre-trial conference is to secure a just and speedy determination of the issues. If the type of pre-trial order set forth below does not appear calculated to achieve these ends in this case, please request a telephone conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the formal pre-trial order that will be reviewed and entered at this conference is as follows:

I.

The proposed Pre-Trial Order must be filed electronically by 4:00 p.m. on a day that allows one full work day prior to the conference, excluding Saturdays, Sundays and holidays (i.e., if the conference is set for 10:00 a.m. Thursday, it must be filed by 4:00 p.m. Tuesday. If the conference is set on Monday, the pre-trial order must be filed on Thursday by 4:00 p.m.). (Alternatively, in lieu of electronic filing, an original and one hard copy may be hand delivered to chambers in accordance with the same deadlines.)

II.

Counsel for all parties shall confer in person (face to face) or by telephone at their earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of copies of documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his duty to communicate immediately with the Court. The conference of counsel shall be held at least ten days

prior to the date of the scheduled pre-trial conference in order that counsel for all parties can furnish each other with a statement of the real issues each party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party. Counsel for plaintiff then will prepare a proposed pre-trial order and submit it to opposing counsel for approval and signature, after which all counsel jointly will submit the final draft of the proposed pre-trial order to the Court.

III.

At their meeting, counsel **must** consider the following:

A. **Jurisdiction.** Since jurisdiction may not ever be conferred by consent and since prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make reasonable effort to ascertain that the Court has jurisdiction.

B. **Parties.** Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation or individual d/b/a trade name.

C. **Joinder.** Questions of misjoinder or nonjoinder of parties.

IV.

At the pre-trial conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court. Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pre-trial order. Save your time, the Court's time, and the client's time and money.

V.

The pre-trial conference **must** be attended in person by the attorneys who will try the case, unless prior to the conference the Court grants permission for other counsel to attend. These attorneys will familiarize themselves with the pre-trial rules, and will come to the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure.

VI.

Pre-trial conferences will not be continued except for good cause shown in a **written** motion presented sufficiently in advance of the conference for opposing counsel to be notified.

VII.

Failure on the part of counsel to appear at the conference may result in **sanctions**, including but not limited to sua sponte dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the Court's attention in the pre-trial order.

IX.

The pre-trial order shall contain the signatures of all counsel at the time it is submitted to the Court; the pre-trial order shall also contain an appropriate signature space for the Judge. Following the pre-trial conference, the Judge will issue a minute entry noting approval of the proposed pre-trial order, with any changes noted. If the proposed order was hand filed, the Judge will sign the pre-trial order, and the signed copy of the order will be filed into the record, and the additional copy will be retained in the Judge's chambers.

**THE PROPOSED PRE-TRIAL ORDER SHOULD INCLUDE THE FOLLOWING INFORMATION, AND EACH NUMBERED PARAGRAPH IS TO BE PRECEDED BY A HEADING DESCRIPTIVE OF ITS CONTENT:**

1. The date and time of the pre-trial conference.

2. The appearance of counsel identifying the party(s) represented.

3. A description of the parties, and in cases of insurance carriers, their insured must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims and cross claims, etc.

4. a. With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim or third-party

claim, etc., and, the legal and jurisdictional basis for each such claim, or if contested, the jurisdictional questions;

b. In diversity damage suits, there is authority for dismissing the action, either before or after trial, where it appears that the damages reasonably could not come within the jurisdictional limitation. Therefore, the proposed pre-trial order in such cases shall contain either a stipulation that more than $75,000 (excluding interest and costs)is involved or a brief summary of the evidence supporting the claim that this sum reasonably could be awarded.

5. A list and description of any motions pending or contemplated and any special issues appropriate for determination in advance of trial on the merits. If the Court at any prior hearing has indicated that it would decide certain matters at the time of the pre-trial conference, a brief summary of those matters and the position of each party should be included.

6. A <u>brief</u> summary of the material facts claimed by:
a. Plaintiff
b. Defendant
c. Other parties.

7. A **<u>joint</u> single listing** of all uncontested material facts.

8. A **single listing** of the contested issues of fact. (This does not mean that counsel must **concur** in a statement of the issues; it simply means that they must list in a single list all issues of fact.) Where applicable, particularities concerning the following fact issues shall be set forth:

a. Whenever there is an issue concerning the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

b. Whenever there is an issue concerning the negligence of the defendant or contributory or comparative negligence of the plaintiff, the material facts and a circumstances relied upon to establish the claimed negligence shall be specified with

particularity;

c. Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

d. Whenever the alleged breach of a contractual obligation is at issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

e. Whenever the meaning of a contract or other writing is at issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those at issue, which each party contends serve to aid interpretation, shall be specified with particularity;

f. Whenever issues of duress, fraud or mistake are at issue, the facts and circumstances relied upon as constituting the claimed duress, fraud or mistake (see Fed. R. Civ. P. 9(b)) must also be set forth in the pre-trial order;

g. If special damages are sought, they must be itemized with particularity. (See Fed. R. Civ. P. 9(g));

h. If a conspiracy is charged, the details of facts constituting the conspiracy must be particularized.

9. A **single listing** of the contested issues of law. (See explanation in 8 above.)

10. For each party, a list and description of exhibits intended to be introduced at the trial. Prior to the drafting of the pre-trial order, the parties shall meet, exchange copies of all exhibits, and agree as to their authenticity and relevancy. As to any exhibits to which the parties cannot agree, objections and memoranda shall be submitted not later than five working days prior to trial.

a. Each list of exhibits first should describe those that are to be admitted without objection, and then those to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection. Markers identifying each exhibit should be attached

to the exhibits at the time they are shown to opposing counsel during preparation of the pre-trial order;

b. If a party believes he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he must ex parte request a telephone conference with the Court and make his position known to the Court in camera not less than 30 days prior to the pre-trial conference.

c. Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct. If there are such exhibits, the pre-trial order will state: The parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pre-trial conference.

d. In addition to the list of exhibits, counsel shall furnish copies to opposing counsel and cooperate to prepare joint bench book of all un-objected to exhibits (in a loose leaf binder, properly tabbed and indexed), which must be delivered to the Court **five** working days before trial. It is helpful if each page of the exhibit book is Bates stamped. The Court also strongly suggests that counsel agree to remove all unnecessary pages from individual exhibits that may be voluminous, such as medical or employment records. A second loose leaf binder should contain all objected-to exhibits.

e. At trial, all exhibits must be displayed by electronic means. The courtroom is equipped with electronic equipment that allows counsel to plug in a laptop with their exhibits contained on a hard drive or disc. A document camera ("Elmo") is also available. Counsel should familiarize themselves with the courtroom and this electronic equipment in advance of the trial date. Counsel may schedule a date and time to meet with the Case Manager for an orientation on use of the courtroom equipment. The Court will make this equipment available during trial, but counsel must arrange for someone who is able to operate the electronic equipment during the trial.

f. Unless otherwise ordered by the Court for good

cause, exhibits that are not identified in the pre-trial order will not be admitted or used at trial.

11. a. A list of all deposition testimony to be offered into evidence. The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit. As to all objections to the testimony which cannot be amicably resolved, the parties shall deliver to the Court, not less than **five** working days prior to trial, a statement identifying the portions objected to, and the grounds therefor. Proponents and opponents shall furnish the Court appropriate statements of authorities in support of their positions as to the proposed testimony.

b. In non-jury trials, the parties shall, at least **five** working days prior to trial, submit to the Court:

A summary of what each party intends to prove and convey to the Court by the deposition testimony, including, where appropriate, particular page and line reference to said depositions. The parties shall indicate to the Court by page and line numbers, those parts of the deposition which each party intends to use, and upon which each party shall rely, in proving their respective cases.

12. a. A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements or closing arguments;

b. Either a stipulation that the parties have no objection to the use of the listed objects for such purpose, or a statement of the objections to their use; and a statement that if other such objects are to be used by any party, they will be submitted to opposing counsel at least **five** working days prior to trial and, if there is then opposition to their use, the dispute will be submitted to the Court at

least three working days prior to trial.

13. a. A list of witnesses for all parties, including the names, addresses and statement of the general subject matter of their testimony (it is not sufficient to designate the witness simply "fact," "medical" or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary. If a party believes that he has good cause not to disclose a witness to be used solely for impeachment, not less than 30 days prior to the pre-trial conference, he must submit an ex-parte request for a telephone conference with the Court and make his position known *in camera*.

b. A statement that the witness list was filed in accordance with prior court orders. No other witness shall be allowed unless agreeable to all parties and their addition does not affect the trial date. This restriction will not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished to opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished;

c. Except for good cause shown, the Court will not permit any witness to testify unless there has been complete compliance with all provisions of the pre-trial order and prior court orders;

d. Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness not less than **five** full working days before trial.

14. A statement indicating whether the case is a jury or non-jury case.

a. If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the

case or only to certain issues, which issues shall be specified. In jury cases, include the following provision:

> "Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court."

b. In a non-jury case, each party's proposed findings of fact and conclusions of law must be submitted to chambers, not less than **five** full working days prior to trial.

c. The parties may also submit trial memoranda as to any legal or evidentiary issues, but such memoranda are not required unless ordered by the Court. Any such memoranda should be submitted not less than **five** full working days prior to trial.

15. In cases where damages are sought, include a statement for completion by the Court, that "The issue of liability (will or will not) be tried separately from that of quantum." Counsel should be prepared to discuss at the pre-trial conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16. A statement describing any other matters that might expedite a disposition of the case.

17. A statement that trial shall commence on ______________, 20____ at _______ a.m., and a realistic estimate of the number of trial days required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given.

18. A statement that "This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. The statement that "Possibility of settlement of this case was considered."

20. The proposed pre-trial order must contain appropriate signature spaces for counsel for all parties and the Judge.

**IT IS FURTHER ORDERED** that the foregoing pre-trial notice be provided to counsel of record for all parties in this case, and counsel must comply with the directions set forth herein.

If needed during trials, counsel are invited to use the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 on the second floor of the Hale Boggs Federal Building near the crossover to the Courthouse. The space features three private conference rooms, a lounge, and a computer workroom with internet, copy, fax and print services. Details and information on these services including conference room reservations can be found at **http://nofba.org** or by contacting Amanda T. Kaiser, Executive Director at 504-589-7990 or **fbaneworleans@gmail.com**.

New Orleans, Louisiana

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE